**J. Edward GOFF, Plaintiff,**

v.

**WHEATON INDUSTRIES, and George J. Straubmuller, III, Defendants.**

**Civ. No. 92–1571 (JEI).**

United States District Court,
D. New Jersey,
Camden Vicinage.

Oct. 27, 1992.

**352**

Jerald R. Cureton, Robert G. Haas, James Alan Kozachek, Blank, Rome, Comisky & McCauley, Cherry Hill, NJ, for plaintiff.

John B. Langel, David S. Fryman, Elizabeth Killackey, Ballard, Spahr, Andrews and Ingersoll, Philadelphia, PA, for defendant Wheaton Industries.

Thomas J. Hagner, Freeman, Mintz, Hagner & Deiches, Haddonfield, NJ, for defendant Straubmuller.

## OPINION

ROSEN, United States Magistrate Judge:

### I. INTRODUCTION

Currently before the court is plaintiff's motion to compel discovery in the above captioned matter. The central issue before this court is whether Model Rule of Professional Conduct 4.2 ("RPC 4.2") precludes plaintiff's counsel from communicating, *ex parte*, with former employees of defendant Wheaton. Having considered the written submissions and oral arguments of the parties and for the reasons discussed below, plaintiff's motion is granted.

### II. FACTUAL BACKGROUND

In this Age Discrimination action filed April 7, 1992, plaintiff J. Edward Goff ("Goff") alleges, *inter alia*, that defendants Wheaton Industries ("Wheaton") and George J. Straubmuller, III ("Straubmuller"), both individually and in his capacity as a corporate officer, unlawfully terminated Goff in violation of the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 *et. seq* ("ADEA").

Defendant Wheaton is a multi-national corporation incorporated in the State of New Jersey. Plaintiff was hired as Vice-President, General Counsel of the Legal Department and as Secretary of Wheaton on May 26, 1970. Plaintiff held these positions at Wheaton's Millville, New Jersey offices until his termination on May 14, 1991. During his tenure at Wheaton, plaintiff represented Wheaton in a number of Age Discrimination suits brought by former employees. At the time plaintiff was terminated he was 58 years of age and had been an employee of Wheaton for 21 years.

Plaintiff alleges that he was discharged by Wheaton on the basis of his age.

On July 2, 1992, plaintiff propounded his first set of interrogatories and first request for production of documents. Plaintiff sought in this discovery request information regarding 55 former Wheaton employees. Plaintiff intends to contact and/or interview these former Wheaton employees.

During oral argument, plaintiff indicated that the Age Discrimination allegations would be substantiated through a showing that Wheaton engaged in a company-wide pattern and practice of discrimination. In an effort to investigate this claim, plaintiff seeks to interview, *ex parte*, the 55 former employees listed in the discovery request. All of these former employees held long-term senior management-level positions, are over 50 years of age and are protected persons under the ADEA.[1]

The crux of plaintiff's argument is that RPC 4.2, which governs attorney communications with persons represented by counsel, does not preclude *ex parte* contact with former employees of a corporate adversary. Wheaton strongly objects to any *ex parte* communications citing decisions from this District which hold that the protections of RPC 4.2 protect former employees from *ex parte* communications with opposing counsel.

## III. LEGAL DISCUSSION

 The United States District Court Rules for the District of New Jersey provide that:

> [t]he Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court, subject to such modifications as may be required or permitted by federal statute, regulation, court rule or decision of law.

General Rule 6A, General Rules of the United States District Court for the District of New Jersey ("General Rules"). Rule 4.2 as adopted by the New Jersey Supreme Court provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." Model Rules of Professional Conduct Rule 4.2 (1992).

Although this District observes the Rules of Professional Conduct as revised by the New Jersey Supreme Court, the New Jersey Supreme Court adopted RPC 4.2 without explanation or comment. *See* RPC 4.2 Comment. Furthermore, neither the state's highest court nor the Third Circuit has spoken on the application of RPC 4.2 to former employees.[2] Until such time, federal courts in this District are permitted to reach their own conclusions on the scope and application of the Rule. *See* General Rule 6A, cmt. 1. In fact, three courts in the District of New Jersey have recently confronted the issue, reaching varying results. *See Hanntz v. Shiley, Inc., a Div. of Pfizer, Inc.*, 766 F.Supp. 258 (D.N.J. 1991); *Curley v. Cumberland Farms Dairy, Inc.*, 134 F.R.D. 77 (D.N.J.1991); *Public Service Elec. & Gas Co. v. Associated Electric & Gas Ins. Services, Ltd.*, 745 F.Supp. 1037 (D.N.J.1990).

Without a clear statement as to the breadth of RPC 4.2, this analysis will begin, as courts before me have, with an examination of the ABA's Official Comments to the Rule. While not directly on point, these comments offer guidance as to the Rule's application to former employees. The portion of the Official Comments pertinent to this inquiry provides in part:

> In the case of an organization this Rule prohibits communications by a lawyer for

---

1. In its opposition papers, defendant indicated that five of the individuals plaintiff seeks to contact are current employees. During oral argument, plaintiff represented that he would not pursue *ex parte* contact with these employees.

2. The New Jersey Supreme Court has, however, granted appeal in a case that is expected to resolve this issue. *See State v. Ciba–Geigy Corp.*, 247 N.J.Super 314, 589 A.2d 180 (App.Div.1991), *appeal granted* 126 N.J. 338, 598 A.2d 895 (1991).

**354**

one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

ABA Model Rules of Professional Conduct 4.2, Comment.

Some courts have held that the standard set forth above, although not explicitly addressing former employees, implicitly includes both current and former employees. *See e.g., Curley v. Cumberland Farms Dairy, Inc.*, 134 F.R.D. 77 (D.N.J.1991). This commentary, however, merely addresses which persons within a corporation may be considered "parties" for purposes of the Rule. The Rule and the Official Comments are silent with respect to the question facing this court, namely, whether Rule 4.2 bars *ex parte* contact with former employees. I find that neither the goal of the Rule nor its underlying rationale support extending the protections of this ethical rule to include former employees.

■ The Rule aims at preserving the integrity of the attorney-client relationship and "the posture of the parties within the adversarial system." *Hanntz v. Shiley, Inc., a Div. of Pfizer, Inc.*, 766 F.Supp. 258, 265 (D.N.J.1991); *see also Action Air Freight, Inc. v. Pilot Air Freight Corp.*, 769 F.Supp. 899, 903 (E.D.Pa.1991). Principally, the Rule seeks to protect the lay person who may be prone to manipulation by opposing counsel. *Hanntz*, 766 F.Supp. at 265 *citing* Miller & Calfo, *Ex Parte Contact With Employees and Former Employees of a Corporate Adversary: Is It Ethical?*, 42 Bus.Law. 1053–1055 (1987).

■ The purposes of Rule 4.2 are not implicated in the case of former employees. First, the former employee cannot be taken advantage of or forced into settlement because he or she has no stake in the litigation. *Hanntz*, 766 F.Supp. at 265. Secondly, Rule 4.2's application with respect to corporations is limited to insuring that a corporate adversary not be legally bound by statements made by employees. *Hanntz*, 766 F.Supp. at 265; *see also Action Air Freight, Inc. v. Pilot Air Freight Corp.*, 769 F.Supp. 899. (E.D.Pa.1991). Because a former employee ordinarily cannot bind the corporation in the sense that an agent binds a principle, Rule 4.2 is inapplicable. *Hanntz*, 766 F.Supp. at 269; *see also Anderson v. United States*, 417 U.S. 211, 218–219 n. 6, 94 S.Ct. 2253, 2259–2260 n. 6, 41 L.Ed.2d 20 (1974). Consequently, when the Comment discusses persons whose "managerial responsibility" or "admissions" potentially bind the corporation, it is relying on agency principles that are simply inapplicable in the case of former employees. *Hanntz*, 766 F.Supp. at 264–265; *Action Air Freight*, 769 F.Supp. at 903.

■ Having determined that the Official Comments to Rule 4.2 do not proscribe this conduct, the next issue to address is the conflicting case law originating in this District. Wheaton maintains that two almost contemporaneous decisions emanating from this District, *Public Service Elec. & Gas Co. v. Associated Electric & Gas Ins. Services, Ltd.*, 745 F.Supp. 1037 (D.N.J.1990) and *Curley v. Cumberland Farms Dairy, Inc.*, 134 F.R.D. 77 (D.N.J.1991), require this court to prohibit any *ex parte* communication with former Wheaton employees. This court is not persuaded by Wheaton's argument. The application of Rule 4.2, in light of recent developments in the law and the commentary issued subsequent to these decisions, indicate that Wheaton's argument must be rejected.

In March of 1991 the American Bar Association's Committee on Ethics and Professional Responsibility issued a formal opinion clarifying the reach of Rule 4.2 with regard to former employees. ("ABA Formal Opinion"). The Committee extensively analyzed the case law and commentary on this issue, making special note of the purposes of the Rule and concluded that a lawyer may communicate *ex parte* with an unrepresented former employee of a corporate party without violating Rule

4.2. The reasoning of the Committee is instructive:

> [P]ersuasive policy arguments can be and have been made for extending the ambit of Model Rule 4.2 to cover some former corporate employers, the fact remains that the text of the Rule does not do so and the comment gives no basis for concluding that such coverage was intended.

ABA Comm. on Ethics and Professional Responsibility, Formal Op. 91–359 (1991) *reprinted in* 103 Law.Man. on Prof.Conduct ("ABA/BNA") 901:140 (hereinafter cited as "Formal Op. 91–359").

This District's most recent interpretation of Rule 4.2, and the position this court follows today, was set forth by Judge Lechner in *Hanntz v. Shiley, Inc., a Div. of Pfizer, Inc.*, 766 F.Supp. 258, 269 (D.N.J. 1991). In *Hanntz*, Judge Lechner, after conducting his own thorough analysis of the Rule, adopted the ABA's Formal Opinion and held that Rule 4.2 does not prohibit *ex parte* communication with former employees of a corporate adversary. *Hanntz*, 766 F.Supp. at 270. Several courts considering this precise issue have adopted the decision reached in *Hanntz. See e.g., Shearson Lehman Bros., Inc. v. Wasatch Bank*, 139 F.R.D. 412, 418 (D.Utah 1991); *DuBois v. Gradco Systems, Inc.*, 136 F.R.D. 341, 345 (D.Conn.1991); *Action Air Freight, Inc. v. Pilot Air Freight Corp.*, 769 F.Supp. 899 (E.D.Pa.1991); *Monsanto Co. v. Aetna Casualty & Surety Co.*, 593 A.2d 1013, 1016 (Del.Super.Ct.1990).

As previously noted, my reading of the Rule and the Official Comments does not support restricting attorney conduct to the extent Wheaton advocates. For these reasons, this court joins *Hanntz* and its progeny, and holds that a lawyer representing a client in an action against a corporate party may communicate about the subject of the representation with an unrepresented former employee of the corporate adversary, without consent of the corporation's attorney, without violating the strictures of Rule 4.2.

Turning to the specific arguments raised by defendant, I remain unconvinced that *ex parte* communications with former employees of Wheaton should be prohibited. Wheaton has cited to *Public Service Elec. & Gas Co. v. Associated Electric & Gas Ins. Services, Ltd.*, 745 F.Supp. 1037 (D.N.J.1990) ("PSE & G") where the District Court held that former employees are "off limits except for formal discovery because they 'may' make statements which can be imputed [to the corporation]." *PSE & G*, 745 F.Supp. at 1042. The court reasoned that litigation such as this illustrated the "bar's clear need for such an understandable bright line test." *PSE & G*, 745 F.Supp. at 1042–43.

While the court's reasoning in *PSE & G* is attractive at first blush, the approach taken in *PSE & G* is unduly harsh and an unnecessary extension of the Rule. A survey of relevant case law, in fact, has been unsuccessful in locating a single case that has adopted *PSE & G*'s "bright line" test. "[T]he clear weight of authority and the carefully chosen wording of RPC 4.2 and the ABA Comment do not admit of a 'bright line test,' no matter how desirable the need for clarity might be in matters of ethics." *Curley v. Cumberland Farms Dairy, Inc.*, 134 F.R.D. 77, 86 (D.N.J.1991); *accord Shearson Lehman Bros., Inc. v. Wasatch Bank*, 139 F.R.D. 412, 418 (D.Utah 1991); *Hanntz v. Shiley, Inc., a Div. of Pfizer, Inc.*, 766 F.Supp. 258 (D.N.J. 1991); *DuBois v. Gradco Systems, Inc.*, 136 F.R.D. 341, 345 (D.Conn.1991); *Action Air Freight, Inc. v. Pilot Air Freight Corp.*, 769 F.Supp. 899 (E.D.Pa.1991); *State of New Jersey v. Ciba–Geigy*, 247 N.J.Super 314, 589 A.2d 180 (App.Div.1991) *appeal granted* 126 N.J. 338, 598 A.2d 895 (1991).

Next, Wheaton argues that this District's decision in *Curley v. Cumberland Farms Dairy, Inc.*, 134 F.R.D. 77, 86 (D.N.J.1991) mandates that *ex parte* communications be prohibited. While the court in *Curley* flatly rejected the approach taken in *PSE & G*, it nonetheless extended the language of the Official Comments to protect former employees in certain circumstances.

In *Curley*, Judge Brotman adopted Magistrate Judge Simandle's opinion and held

that provided a corporation can present facts indicating that a former employee: (1) had managerial responsibilities; (2) could impute liability on the corporation; or (3) could make statements which could constitute an admission on the part of the organization then Rule 4.2 would afford party-like status to the former employee and forbid *ex parte* communication. *Curley,* 134 F.R.D. at 87. While this decision offers guidance in directing an analysis of Rule 4.2's application to former employees, this court is not persuaded that its application in this instance is justified. As I previously stated, Rule 4.2 is silent with respect to its application to former employees and the ABA's Formal Opinion advises that the Rule should not be extended to prohibit *ex parte* communications with former employees.

However, even were I to adopt Wheaton's argument and follow *Curley,* I would still be compelled to allow the *ex parte* communication with former Wheaton employees. The court in *Curley* required the party seeking the protections of Rule 4.2 to make a preliminary showing that those ex-employees should fall within the parameters of Rule 4.2, based on fact, not hypotheticals. *Curley,* 134 F.R.D. at 89, 92–93. Wheaton has not adequately met this burden.

This court's holding today reasonably balances the interests of all the parties. If Goff is to establish that Wheaton Industries engaged in company-wide discriminatory practices he must be afforded the opportunity to discover all factual information pertinent to the case. Adopting Wheaton's argument would unnecessarily frustrate this process.

As the court in *Hanntz* aptly stated, "restrict[ing] an attorney's ability to communicate with former employees strikes an unreasonable balance between protecting a relationship that does not exist and unduly restricting the need for litigants to have access to all relevant factual information

..." *Hanntz,* 766 F.Supp. at 270; *see also* Formal Op. 91–359. The ABA's Formal Opinion cautions, and this court agrees, that where the effect of the Rule is to inhibit the acquisition of information about one's case, courts should be hesitant to expand the Rule's coverage to former employees by means of liberal interpretation. *See* Formal Op. 91–359.

This court is painfully aware of the difficulty a plaintiff faces in pursuing discrimination claims. Where appropriate, courts often afford litigants latitude in conducting discovery.[3] Reading Rule 4.2 otherwise would needlessly hamper plaintiff's factual discovery under Fed.R.Civ.P. 26 without promoting any of the concerns Rule 4.2 seeks to address.

While not unsympathetic to defendants' position, adequate protections exist within the rules which will protect Wheaton's interests. As the ABA's Formal Opinion cautions, attorneys should "punctiliously" comply with the provisions of RPC 4.3 (which addresses attorney conduct with unrepresented persons), and RPC 4.4 (which governs attorney conduct and the rights of third parties). *See* Formal Op. 91–359. While the ABA Formal Opinion specifically underscores these two ethical constraints, this list is by no means exhaustive. There are invariably other restrictions on attorney conduct, which should also be conscientiously observed. *See Shearson Lehman Bros., Inc. v. Wasatch Bank,* 139 F.R.D. 412, 418 (D.Utah 1991).

Finally, during oral argument, Defendant expressed serious concerns with respect to the effect Goff's former position as General Counsel for Wheaton Industries would have on any *ex parte* investigations. I fail to see the merit in defendant's concern. Goff's position as former counsel is not relevant in an inquiry as to whether *ex parte* communications with former employees should be permitted. Certainly, Goff, as a member of the bar is aware of the

---

3. "Proof of such discrimination is always difficult. Defendants of even minimal sophistication will neither admit discriminatory animus nor leave a paper trail demonstrating it ..." *Riordan v. Kempiners,* 831 F.2d 690, 699 (7th

Cir.1987) (held that parties may introduce indirect evidence of discrimination). Although not the dispositive factor, the fact that this is a discrimination action supports flexibility in the discovery process.

restrictions placed upon him in divulging privileged information and is acutely obliged to observe them.

Moreover, since plaintiff has disclosed to Wheaton a complete list of the former employees he wishes to contact and as the contents of the interviews are not privileged, Wheaton is free to conduct an independent investigation. Of course, in the event the defendant learns that plaintiff's counsel has engaged in abusive practices or has in some way violated rules governing practices in this court, defendant is free to petition the court for appropriate relief.

Accordingly, plaintiff's motion to compel discovery must be granted. An appropriate order will enter.